IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:23-cv-03447-RMR

J.A.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## ORDER

This civil action arises under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33, for review of the final decision of the Commissioner of the Social Security Administration, denying Plaintiff's application for Disability Insurance Benefits ("DIB"). For the reasons stated below, the Court AFFIRMS the final decision of the Commissioner.

    **I.**    **BACKGROUND**

Plaintiff is a 61-year-old woman who alleges that she became disabled on July 9, 2016 as a result of fibromyalgia, ulcerative colitis, chronic migraines, arthritis, degenerative disc disease, severe depression, anxiety, and auto immune disease. *See* ECF No. 8 at (Administrative Record) [hereinafter R. 140, 320].[2] She was previously

---

[1] Pursuant to D.C.COLO.LAPR 5.2(b), this order identifies the Plaintiff by initials only.

[2] When citing to the Administrative Record ("R."), the Court uses the page number found in the bottom right-hand corner of the page. For all other documents, the court cites to the document and page number generated by the Electronic Court Filing ("ECF") system.

employed as an office manager. *Id.* at 36. Plaintiff applied for DIB under Title II of the Act on October 12, 2018. *Id.* at 320. Plaintiff's application was denied on initial review and on reconsideration. *Id.* at 173-77, 180-85. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 191-92. The hearing was held February 10, 2023. *Id.* at 45-93. The ALJ heard testimony from Plaintiff and Vocational Expert Donna Toogood. *Id*. Following the hearing, the ALJ issued a decision denying Plaintiff's application for DIB. *Id.* at 14-44. As to Plaintiff's residual functional capacity, the ALJ found that:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform the full exertional range of light work, as defined in 20 CFR 404.1567(b), including the ability to lift and/or carry twenty pounds occasionally and ten pounds frequently, subject to the following exceptions: She could frequently balance and climb ramps and stairs. She could occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds.

*Id.* at 26. The ALJ concluded that Plaintiff "was not under a disability within the meaning of the [Act] from the adjusted alleged onset date of July 14, 2016, through the date last insured." *Id.* at 18-19.

The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision final. *Id.* at 14; *see also Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003) ("The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for purposes of review."). Plaintiff sought judicial review of the Commissioner's final decision on March 20, 2024, invoking this Court's jurisdiction under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.  LEGAL STANDARDS

A United States citizen or national is eligible for DIB benefits under the Act if she "is insured for disability insurance benefits"; "has not attained retirement age"; "has filed application for disability insurance benefits"; and "is under a disability," as defined in the Act. 42 U.S.C. § 423(a)(1), (d). For purposes of DIB, a claimant must prove she was disabled prior to the date last insured. *Flaherty v. Astrue*, 515 F.3d 1067, 1069 (10th Cir. 2007) (citing *Henrie v. United States Dep't Health & Hum. Servs.*, 13 F.3d 359, 360 (10th Cir. 1993)).

An individual is determined to be under a "disability," as defined in the Act, if her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A).

> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility . . . , the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Commissioner of Social Security does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

*Id.* § 423(d)(2)(B). Further, there is a "duration requirement" for the disabling impairment, that is, it must "ha[ve] lasted or can be expected to last for a continuous period of not less than twelve months." *Id.* § 423(d)(1)(A); *Barnhart v. Walton*, 535 U.S. 212, 214–15 (2002) ("[T]he 'inability' (to engage in any substantial gainful activity) must

3

last, or must be expected to last, for at least 12 months.") (emphasis in original); *see also* 20 C.F.R. § 404.1509.

The Commissioner "has established a five-step sequential evaluation process for determining whether a claimant is disabled" under the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920(a)(4). The process involves the following five inquiries:

1. Whether the claimant is "doing substantial gainful activity," 20 C.F.R. § 416.920(a)(4)(i);

2. Whether the claimant has a "severe medically determinable physical or mental impairment that meets the duration requirement" or a "combination of impairments that is severe and meets the duration requirement," *id.* § 416.920(a)(4)(ii);

3. Whether the claimant has "an impairment(s) that meets or equals one of [the] listings in" Title 20, Chapter III, Part 404, Subpart P, Appendix 1 of the Code of Federal Regulations, and that "meets the duration requirement," *id.* § 416.920(a)(4)(iii);

4. Whether the claimant has the residual functional capacity ("RFC" or "residual functional capacity") to "do [her] past relevant work," *id.* § 416.920(a)(4)(iv); and

5. Whether, considering the claimant's RFC and her "age, education, and work experience," the claimant "can make an adjustment to other work," *id.* § 416.920(a)(4)(v), that "exists in significant numbers in the national economy," *id.* § 416.960(c)(1)–(2).

*See also, e.g.*, *Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir. 1988) (describing the five steps). "The claimant bears the burden of proof through step four of the analysis[,]" while "[a]t step five, the burden shifts to the [Commissioner] to show that a claimant can perform work that exists in the national economy." *Neilson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993). "If a determination can be made at any of the steps that a claimant

4

is or is not disabled, evaluation under a subsequent step is not necessary." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Williams*, 844 F.2d at 750).

"Judicial review of the [Commissioner's] decision is limited to a determination whether [his] factual findings are supported by substantial evidence and whether []he applied the correct legal standards." *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). "[I]n making this determination, [the Court] cannot reweigh the evidence or substitute [its] judgment for the administrative law judge's." *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016).

### III.   ANALYSIS

Plaintiff raises a single issue on appeal, arguing that "the ALJ's finding that Dr. [Aaron] Fields's opinions were not persuasive is not supported by law or substantial evidence." ECF No. 9 at 4. Plaintiff asserts that if Dr. Field's opinions had been properly considered, it would have justified a finding of disability. For the reasons explained below, the Court finds no error in the ALJ's assessment of Dr. Fields's opinion.

An ALJ has a duty to "give consideration to all the medical opinions in the record," *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012), and must articulate how persuasive she finds each medical source opinion. 20 C.F.R. §§ 404.1520c, 416.920c.

The persuasiveness of a medical source's opinion is evaluated using five factors: (1) supportability (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *See* 20 C.R.F. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency. § 416.920c(a). Social Security regulations do not "prescribe the depth at which the ALJ must discuss" the factors of supportability and consistency. *Harp v. Kijakazi*, No. CV 1:21-0275 KRS, 2022 WL 2341740, at *6 (D.N.M. June 29, 2022). But at a minimum, the ALJ must "provide an explanation that allows the reviewing court to follow [her] reasoning and communicates how [s]he considered the factors of consistency and supportability for each medical source's opinions." *Zambrano v. Kijakazi*, No. CV 1:20-1356 KRS, 2022 WL 1746765, at *5 (D.N.M. May 31, 2022).

A.   **Dr. Fields's Medical Opinion**

Dr. Aaron Fields, D.O., is one of Plaintiff's treatment providers. Plaintiff established care with Dr. Fields in November 2018 and saw him again in December 2018. In his Treating Source Statement, dated January 30, 2023, Dr. Fields "opined that [Plaintiff] would need to take unscheduled restroom breaks, about 10-15 times, during a normal workday. Dr. Fields found [Plaintiff] incapable of even low stress work. [Plaintiff] would need to lie down every couple hours during the workday. She would miss more than four days per month. [Plaintiff] should not work due to the severity of her impairments, including her lack of colon." R. at 33 (citing R. at 3139-40). The ALJ found Dr. Fields's opinion was not supported by his own findings and was inconsistent with the overall medical record, and therefore was not persuasive.

6

The ALJ's order indicates that she considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 404.1520c. After fully considering the medical opinions and prior administrative medical findings, the ALJ assessed the persuasiveness of Dr. Fields's opinion as follows:

> The undersigned finds Dr. Fields's opinion not persuasive. Dr. Fields supported his opinion with reference to his treatment since November 2018, noting the claimant's lack of colon and incontinence. However, Dr. Fields did not treat the claimant for the majority of the period under review. He did not begin treating the claimant until November 2018, and saw her twice during the relevant period under review, with visits in November and December 2018. As such, he had a limited treating relationship with the claimant throughout the relevant period under review. At neither of those visits did the claimant make any complaints of a frequent need to use the bathroom, or of incontinence (B6F/151-157; B16F/241-246). In fact, when establishing care with him in November 2018, she did want him to know she had no colon, and did not feel like she was absorbing nutrients and sought assistance in supplements. She also noted that because she did not have a colon, she became very dehydrated when she became ill (B6F/151). As discussed in detail earlier, the claimant was not receiving any regular care during the period under review for the ulcerative colitis. Again, when in Oregon to assist her mother in August 2016, she returned to her former GI provider there, seeing PA Glivinski. He noted she had not been seen since August 2012. She was sent for a pouchoscopy, which showed no significant issue (B6F/54, 58-59; B21F/1-7). None of these findings supports Dr. Field's statements or findings, and his statements are not supported by his own findings or the overall record. Similarly, the evidence of the claimant's good response to treatment for her spinal, fibromyalgia, and migraine issues is inconsistent with Dr. Fields's opinion. For example, the claimant's migraines and ulcerative colitis responded well to treatment, which is inconsistent with finding she would miss more than four days per month due to her symptoms. Additionally, the claimant's physical exams were grossly normal, which is more consistent with finding she could perform a range of light work as assessed in the residual functional capacity. For these reasons, the undersigned finds Dr. Fields's opinion not persuasive.

*Id.*

### B.     Supportability

The first factor the ALJ must consider when evaluating the persuasiveness of a medical opinion is supportability. "Supportability" examines how closely connected a medical opinion is to the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." § 416.920c(c)(1). "Stated differently, a supportability inquiry examines how well a medical source supported and explained their opinion." *S.E.H. v. Kijakazi*, No. 21-cv-01845-CMA, 2022 WL 6730905, *3 (D. Colo. Oct. 11, 2022) (citing *Vellone v. Saul,* 1:20-cv-00261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021).

When finding that Dr. Fields's opinion was not supported by his own examinations, the ALJ noted that Dr. Fields only treated Plaintiff twice during the relevant period and none of the information gleaned from those visits supports his opinion regarding Plaintiff's incontinence or frequent need to use the bathroom. Specifically, while Plaintiff advised Dr. Fields that she had no colon, she only complained that she did not feel she was absorbing nutrients and sought assistance with supplements; there is no evidence that she complained about a frequent need to use the bathroom or of incontinence. Plaintiff contends that the fact Dr. Fields only saw Plaintiff twice before the date last insured does not diminish the persuasiveness of his opinion, particularly because the ALJ found the opinions of Dr. McCormack and Dr. Coleman to be persuasive, even though neither of them ever saw Plaintiff. ECF No. 9 at 6-7. And Plaintiff argues the lack of reference to

8

incontinence or frequent defecation does not contradict Dr. Fields's opinions, because the absence of evidence is not substantial evidence contradicting a medical opinion, and there is other evidence in the record documenting the number of bathroom trips Plaintiff requires. *Id.*

The Court finds that there is substantial evidence to support the ALJ's determination that Dr. Fields's opinion of Plaintiff's physical limitations was not supportable by his own examination findings. *See Lenoble v. Kijakazi*, No. 22-cv-00094-MEH, 2022 WL 16855693, at *7 (D. Colo. Nov. 10, 2022) (court must "determine whether [the ALJ's assessment of persuasiveness] is supported by such relevant record evidence as a reasonable mind might accept as adequate to support a conclusion") (citation and internal quotation marks omitted). Plaintiff does not dispute that she did not complain of incontinence or frequent bowel movements during either of her visits with Dr. Fields. Indeed, she specifically denied GI issues. R. at 957. Thus, the Court finds no error with the ALJ's finding that Dr. Fields's opinion that Plaintiff would require 10-15 bathroom breaks during a normal workday was unsupported by the evidence. Moreover, the record does not show that the ALJ ignored the probative contrary evidence, and only selectively chose the finding supporting her determination. Rather, the ALJ's reasoning for finding Dr. Field's opinion unpersuasive—and that the contrary opinions of Dr. McCormack and Dr. Coleman were persuasive—constitutes an appropriate reconciliation of conflicting medical opinions of record. *D.J. v. Kijakazi*, No. 21-cv-02864-REB, 2022 WL 1663120, at *4 (D. Colo. May 25, 2022) ("It is not cherry picking for the ALJ to discharge his duty and prerogative to consider and reconcile conflicts in the evidence, particularly conflicts

between the medical opinions of record.") (citing *Reyes v. Bowen*, 845 F.2d 242, 245 (10th Cir. 1988); *Ghini v. Colvin*, 82 F. Supp. 3d 1224, 1233 (D. Colo. 2015)).

To be sure, the record contains some evidence that Plaintiff's conditions may require frequent bathroom trips. However, the fact that the evidence could support another conclusion does not necessarily mean that the ALJ erred in her analysis. *See Allman*, 813 F.3d at 1333 (recognizing the ALJ is entitled to resolve evidentiary conflicts where the record "contains support for both the notion that [claimant] has extreme deficiencies in concentration, persistence, and pace, and the notion that his mental limitations are not that severe"); *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (noting that "the ALJ is entitled to resolve any conflicts in the record"); *see also Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004) (stating that courts may not "displace the agency's choice between two fairly conflicting views").

### C.  Consistency

Next, the ALJ must consider the consistency of the opinion. "Consistency" compares a medical opinion or prior administrative medical findings to the evidence: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical findings(s) will be." § 416.920c(c)(2).

In determining that Dr. Fields's opinion was not consistent with the other record evidence, the ALJ noted that Plaintiff's physical exams were grossly normal, she responded well to treatment for her spinal, fibromyalgia, ulcerative colitis, and migraine

issues, she was not receiving regular care for her ulcerative colitis during the period under review and, and her activities included lengthy travel to Oregon during the relevant period.

The ALJ's determination that Dr. Fields's opinion was not consistent with the medical record is supported by substantial evidence. *See Lenoble*, 2022 WL 16855693, at *7; *Smallwood v. Kijakazi*, Civ. No. 21-446 GBW, 2022 WL 4598499, at *3 (D.N.M. Sept. 30, 2022) (collecting cases and noting that "courts have affirmed 'minimalist' supportability and consistency findings as long as the ALJ points to some evidence in such a way that the Court can follow the ALJ's reasoning."). As set forth in the ALJ's decision, the medical record contains contradictory evidence, such as Plaintiff's pouchoscopy results, grossly normal physical exams, and that her ulcerative colitis responded well to treatment. Plaintiff is, in essence, improperly asking this court to reweigh the medical evidence. *See Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014) (this court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency") (citations omitted); *Zoltanski*, 372 F.3d at 1200 (the court may not "displace the Commissioner's choice between two fairly conflicting views").

By expressly citing record evidence with which the ALJ determined Dr. Fields's opinion to be inconsistent, the ALJ sufficiently evaluated the consistency of Dr. Fields's opinion as compared to the medical record as a whole and the Court thus finds no error in the conclusion that Dr. Fields's opinion was not persuasive. *See Pearson*, WL 2549214, at *4 (concluding that the ALJ properly considered the consistency of the medical source opinion where the ALJ found that the physician's opinion was inconsistent with the record and cited record evidence in support of that finding); *Miles v. Saul*, No.

11

20-CV-1456-WJM, 2021 WL 3076846, at *5 (D. Colo. July 21, 2021) (inconsistencies in medical sources' opinions "further support[ed] the ALJ's conclusion that their opinions were unpersuasive").

In sum, the Court finds no error in the ALJ's assessment of Dr. Fields's opinion. The ALJ explained why he found Dr. Fields's opinions unpersuasive, focusing on the opinion's supportability and consistency with the record—nothing more is required. "Given the nature and limits of [the Court's] review, and given as well the detailed reasons offered by the ALJ for rejecting Dr. [Fields's] opinion, we do not second-guess h[er] decision." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001).

## IV. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the final decision of the Commissioner.

DATED: March 4, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge